UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AON RE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-0300-B |
| | § | |
| TIG INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Preliminary Injunction (doc. 4). For the reasons stated below, the Court finds the Motion should be and hereby is **DENIED** (doc. 4).

### I.

### BACKGROUND

In June 1998, Aon Re, Inc. ("Aon Re") assisted TIG Insurance Company ("TIG") in negotiating with WEB Management LLC ("WEB") terms by which one of WEB's then clients, U.S. Life Insurance Company ("U.S. Life") would provide reinsurance coverage for certain workers' compensation programs for which TIG was the insurer or reinsurer, including a program known as the Virginia Surety program. (Pl. Aon Re's Br. In Supp. Of Its Mot. For Prelim. Inj. Relief ("Pl's Br.")at 3.) An agreement memorializing the coverage ("1998 Treaty") was signed by TIG in Texas in October 1998 and by WEB on behalf of U.S. Life in November 1998. (*Id*. at 4.)

U.S. Life subsequently suspended payments to TIG causing TIG to demand arbitration with U.S. Life on October 1, 2002. (*Id*.) In the arbitration, U.S. Life argued, in part, the 1998 Treaty should be rescinded because the underwriting submission forwarded by Aon Re to WEB in

May 1998 did not contain certain loss data in electronic form regarding Virginia Surety program losses. (*Id.*) The arbitrators ultimately issued an award partially rescinding the portion of the 1998 Treaty involving the Virginia Surety program because of the missing loss data. (*Id.*)

As a result, on June 15, 2004, TIG filed suit against Aon Re in this Court asserting claims of negligence, negligent misrepresentation, breach of fiduciary duty, and common-law indemnity and seeking declaratory relief ("TIG-I"). (*Id.*) The Court granted Aon Re's motion for summary judgment as to all of TIG's claims holding that TIG's negligence, negligent misrepresentation and fiduciary duty claims were barred by the applicable Texas statute of limitations and holding TIG's claim for common law indemnity failed as a matter of law because there were no genuine issues of material fact that TIG ever paid any damages to U.S. Life. (*Id.* (citing *TIG Ins. Co. v. Aon Re., Inc.*, No. Civ.A3:04CV1307-B, 2005 WL 3742818, at *8-9 (N.D. Tex. Nov. 7, 2005)).) Further, the Court found the remaining request for declaratory judgment did not by itself constitute an actual controversy. (*Id.*) TIG appealed the ruling to the Fifth Circuit where it was subsequently affirmed. (*Id.* at 5-6.)

A week prior to the Court's ruling on TIG-I, TIG filed a second lawsuit against Aon Re ("TIG-II") asserting similar claims arising out of a transaction related to the 1998 Treaty that resulted in coverages subsequently memorialized in a reinsurance treaty signed by TIG in 1999 ("1999 Treaty"). (*Id.*) TIG voluntarily dismissed TIG-II as of right pursuant to Fed. R. Civ. P. 41 on November 10, 2005. (*Id.*)

On December 22, 2005, TIG filed suit against Aon Re in the Superior Court of California for the City and County of San Francisco asserting claims arising out of both the 1998 Treaty and the 1999 Treaty ("California Action"). (*Id.*) In its Complaint, TIG alleged professional

negligence, misrepresentation, breach of fiduciary duty, breach of contract, unjust enrichment and sought a declaration that Aon Re was obligated to indemnify TIG. (*Id.*) Aon Re moved for summary judgment on TIG's claims in the California Action, arguing TIG's claims were barred by the final judgment rendered in TIG-I. (*Id.* at 8.) The Superior Court of California for the City and County of San Francisco denied Aon Re's Motion finding Aon Re had not demonstrated it was entitled to judgment as a matter of law in light of the remaining questions regarding the preclusive nature of the TIG-I ruling. (*Id.* at 9.) The California Court of Appeal denied Aon Re's subsequent request for discretionary interlocutory appellate relief on January 22, 2009. (*Id.*)

Aon Re filed the instant Motion with this Court on February 17, 2009. In its Motion, Aon Re seeks preliminary injunctive relief to enjoin TIG Insurance Company and its agents, directors, employees, and attorneys, and all those persons and entities in active concert or participation with it from proceeding with the California Action insofar as those proceedings involve claims arising out of the negotiation and replacement of the 1998 Treaty. (Pl's Mot. For Prelim. Inj. 1.) Having considered the Motion, the parties briefing on the matter, and the relevant law, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARDS

**A. The Relitigation Exception to the Anti-Injunction Act**

The Anti-Inunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect of effectuate its judgments." 28 U.S.C. § 2283. The Act's third listed exception was designed to permit a federal court to prevent state

litigation of an issue previously decided by the federal court. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). Known as the "relitigation exception," this exception is founded in the recognized concepts of *res judicata* and collateral estoppel. *Id.*

In determining whether the relitigation exception applies to a situation, the Fifth Circuit applies the following four-part test: "(1) parties in the later action must be identical or in privity with the parties in the previous action; (2) judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have concluded with a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits." *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 273 (5th Cir. 2009). A complainant must make a strong and unequivocal showing under this test to warrant a federal court intermeddling in state court proceedings. *S. Cal. Petroleum Corp. v. Harper*, 273 F.2d 715, 719 (5th Cir. 1960)(noting "[a] state court is as well qualified as a federal court to protect a litigant by the doctrines of res adjudicata and collateral estoppel"). Accordingly, the exception should be applied narrowly and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Chick Kam Choo*, 486 U.S. at 146; *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970).

*1. The "Judgment on the Merits" Criteria as it Applies to Statute of Limitations Rulings*

The relitigation exception prevents claims that "actually have been decided" by a federal court from being further subjected to litigation in state proceedings. *Chick Kam Choo*, 486 U.S. at 148. Accordingly, the Fifth Circuit's four-part test examines, in part, whether the prior ruling is a judgment "on the merits." *Moore*, 556 F.3d at 273. Notably, where the term "judgment on

the merits" once indicated a substantive review, it has undergone changes by which it is now applied to some judgments that do not pass upon the substantive merits of a claim. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001). It is therefore no longer true that a judgment labeled "on the merits" is necessarily a judgment entitled to claim preclusive effect. *Id.* at 502-03.

In looking at judgments based on a statute of limitations, Texas follows the traditional rule that statutes of limitations are procedural, not substantive. *Besing v. Vanden Eykel*, 878 S.W.2d 182, 184 (Tex. App.–Dallas 1994, writ denied) (citing *City of Dallas v. Etheridge*, 253 S.W.2d 640, 643 (Tex. 1952); *Matthews Const. Co. v. Rosen*, 796 S.W.2d 69, 694 (Tex. 1990)). As such, the Fifth Circuit has recognized that "the dismissal of a cause of action on limitations grounds in one state does not preclude a plaintiff from maintaining the same cause of action in another state which has a more favorable period of limitations." *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 880 F.2d 818, 819 (5th Cir. 1989); *see also Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F. Supp. 317, 319 (S.D. Miss. 1989) (citing *Henson Fire Ins. Co. v. Westinghouse Elec. Corp.*, 651 F.2d 320 (5th Cir. 1980) ("It is the established rule in this circuit, however, that a court's dismissal of a cause of action based on a statute of limitations does not preclude a plaintiff from maintaining his action in another forum if his claim is not barred by the statute of limitations in that other forum."); *cf. Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 91 (Tex. 2008) ("[W]e do not equate the optional filing of an administrative claim as equivalent to filing a common law claim in a separate jurisdiction's court of law, such that [RESTATEMENT (FIRST) OF JUDGMENTS] Section 49's two-state approach might apply."). However, the Fifth Circuit also recognizes that a federal court's dismissal of a cause of action on

statute of limitations grounds is an adjudication on the merits in instances in which the plaintiff seeks to file the cause in a different federal court. *Thompson Trucking*, 880 F.2d at 819 ("[O]ur holding today, merely stands for the proposition that a dismissal on statute of limitations grounds in federal court . . . is a final adjudication on the merits, particularly where, as is the case in the instant appeal, the federal district court . . . dismissed the plaintiff's complaint with prejudice."); *see also Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972)("A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes.")(citation omitted).

*2. The Same Claim Criteria*

The Fifth Circuit employs a transactional test to determine whether the same claim or cause of action is at play for purposes of the application of the relitigation exception. *Assurance Co. of Am. v. Kirkland*, 312 F.3d 186, 189 n. 8 (5th Cir. 2002). The test focuses on whether the two actions are based on the same nucleus of operative facts. *Id*. "[T]he transactional test does not inquire whether the same evidence has been presented in support of the two claims, but rather asks whether the same key facts are at issue in both of them." *Id*.

**B. Preliminary Injunctions**

A preliminary injunction is an extraordinary remedy that should only be granted in limited circumstances. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196-97 (5th Cir. 2003). Accordingly, to warrant such a remedy, a movant must clearly carry the burden of persuasion on the following four factors: (1) the movant's likelihood of success on the merits; (2) any substantial threat the movant will suffer irreparable injury if the injunction is not granted; (3) the movant's threatened injury outweighs the threatened harm to the party who he seeks to enjoin; and (4) granting the preliminary injunction will not disserve the public interest. *Id*.

In addressing the second factor, speculation or the mere risk of irreparable harm is not a sufficient showing of irreparable harm. *Hunt v. Bankers Trust Co.*, 646 F. Supp. 59, 65 (N.D. Tex. 1986)(citing *Cont'l Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980); *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975). There must be a present threat of substantial, noncompensable harm. *Spiegel v. City of Houston*, 636 F.2d 997, 1001(5th Cir. 1981). Further, "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974).

Notably, no independent showing of irreparable harm is required to warrant an injunction under the relitigation exception to the Anti-Injunction Act. *Ballenger v. Mobil Oil Corp.*, 138 F. App'x 615, 622 (5th Cir. 2005). "Demonstrating that a state litigation concerns an issue actually decided by the federal courts is sufficient to demonstrate both the harm of continuing the state litigation and the lack of an adequate remedy at law." *Id*.

## III.

## ANALYSIS

The issuance of a preliminary injunction requires the Court's consideration of four relevant factors - the movant's likelihood of success on the merits, any substantial threat of irreparable harm to the movant, the balance of harm to the parties, and the public interest. *See Lake Charles Diesel,* 328 F.3d at 196-97. Accordingly, the Court will consider each factor in turn.

### A. The Movant's Likelihood of Success on the Merits

Aon Re argues it is likely to succeed on the merits in showing the situation at hand requires the application of the relitigation exception to the Anti-Injunction Act. (Pl.'s Br. 13.)

Looking to the four-factor relitigation exception test employed by the Fifth Circuit, Aon Re contends both TIG-I and the California Action involve the same parties. (*Id.*) Further, Aon Re contends the TIG-I judgment was rendered by a court of competent jurisdiction. (*Id.*) Aon Re additionally contends TIG-I concluded with a final judgment "on the merits" both as to the indemnity claim and as to the limitations period rulings. (*Id.* at 15.) To support this contention, Aon Re notes the Court's TIG-I rulings based solely on statute of limitations grounds are entitled to claim preclusive effect in the California Action. (*Id.* at 16.) Further, Aon Re notes this Court's ruling regarding the indemnity claim was, in fact, substantively on the merits. (*Id.*) Finally, Aon Re alleges TIG's claims in the California Action involve the same 1998 transaction at issue in TIG-I. (*Id.* at 13-14.)

      TIG contends the TIG-I judgment was not "on the merits" as to the claims for negligence, negligent misrepresentation and breach of fiduciary duty. (Def.'s Br. In. Opp'n to Pl.'s Mot. For Prelim. Inj. ("Def.'s Br.") at 17.) Further, TIG argues the same claims are not at issue in TIG-I and the California Action because it is not attempting to relitigate in California the same common-law indemnity claim at issue in TIG-I. (*Id.* at 15.) Rather, in the California Action, TIG seeks a declaratory judgment regarding indemnity as to future losses. (*Id.*)

      The Court finds the TIG-I matter and the California Action involve the same parties. Further, the Court finds the judgment in TIG-I was rendered by a court of competent jurisdiction.

      The Court additionally finds the TIG-I ruling regarding TIG's indemnity claims constituted a judgment on the merits. As to the judgments on the remaining claims in TIG-I, the Court notes the Fifth Circuit appears to view the claim preclusive effect of a federal court's

dismissal on statute of limitations grounds differently from the effect of a similar state court ruling. The Fifth Circuit similarly distinguishes the effect of such actions based on whether a party seeks to refile them in a different state's court or a different federal court. Accordingly, it is uncertain how the current situation involving a federal court's dismissal of a diversity action on statute of limitations grounds followed by a subsequent filing of the action in a different state's court would be viewed. Additionally, the Court notes the TIG-I judgment's labeling as a judgment "on the merits" does not automatically equip it with preclusive effect. In this light, it is unclear whether the TIG-I rulings as to the claims of negligence, negligent misrepresentation, and breach of fiduciary duty constituted judgments on the merits entitled to claim preclusive effect.

Regarding whether different claims are involved in both matters, the claims involved in TIG-I and the California Action appear to seek somewhat different types of relief. However, using the Fifth Circuit's transactional approach to compare the claims, it appears both center on the same nucleus of operative facts. In short, the same key facts are at issue in both the California Action and TIG-I. Accordingly, the Court finds the same claims are at issue in both matters.

Taking all four factors into account, it is not clear Aon Re would likely prevail on the merits. Specifically, Aon Re has failed to persuade the Court the TIG-I ruling as to the negligence, negligent misrepresentation, and breach of fiduciary duty claims constituted judgments on the merits.

### B. Threat of Irreparable Harm

Aon Re contends it will be irreparably harmed by TIG's continued relitigation of the

- 9 -

claims already decided by this Court and the Fifth Circuit. (Pl.'s Br. 20.) TIG counters that Aon Re's irreparable harm argument rests primarily upon speculation as to a California state court's inability to properly apply the doctrines of *res judicata* and collateral estoppel. (Def.'s Br. 19.)

The Court notes Aon Re has failed to show the situation at hand is one to which the relitigation exception clearly applies. As such, the Court finds Aon Re has failed to make a clear showing of the threat of irreparable harm.

### C. Balance of Harm

Aon Re argues TIG will not suffer any cognizable harm if a preliminary injunction issues because the harm of not being able to relitigate issues in a state court does not constitute a legitimate harm to be balanced. (Pl.'s Br. 20.) TIG argues it will suffer significant harm if enjoined from proceeding with the California Action as the California Action involves claims TIG has not yet had a chance to litigate. (Def.'s Br. 21.) Further, TIG discounts any harm Aon Re may suffer by noting a state court is capable of adjudicating matters of *res judicata* and collateral estoppel. (*Id.*)

In balancing the potential harms of each party, the Court again notes Aon Re has failed to show this is clearly a situation in which relitigation of a federal court's judgment is taking place. On the other hand, TIG is faced with the potential harm of not having an opportunity to litigate certain claims. Thus, noting the California state court is capable of ultimately deciding any preclusion issues, the Court finds the balance of harm weighs in favor of TIG.

### D. The Public Interest

Aon Re argues the requested injunction will further the public interests of finality and repose. (Pl.'s Br. 21.) Aon Re further contends the injunction will serve the public interest in

- 10 -

judicial economy and will prevent the unnecessary waste of judicial resources.  (*Id.*)   TIG argues there is a stronger public interest in protecting the fundamental independence of the States and their courts.  (Def.'s Br. 22.)

The Court recognizes the public interest in finality of judgments and the preservation of judicial resources.  However, the California state court is capable of protecting these interests in ruling on the preclusive effect of any prior judgment rendered by this Court.  Accordingly, the Court finds public interest considerations weight in favor of protecting the independence of state court proceedings and denying the injunction.

## IV.

## CONCLUSION

The Court finds that consideration of all four injunction factors weighs against granting the preliminary injunction.  It is not likely Aon Re will succeed on the merits.  Further, Aon Re has failed to show a substantial threat of irreparable harm.  It additionally appears the balance of hardship and the public interest considerations weigh in favor of denying the injunction.  Accordingly, Aon Re's Motion for Preliminary Injunction is **DENIED** (doc. 4).

SO ORDERED.

DATED September 28, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE